IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN WAYNE MERRING, PRO PER and RUHAMAH CLARA MERRING, his wife,**<br>Plaintiffs<br><br>v.<br><br>**THE CITY OF CARBONDALE, PENNSYLVANIA; JEFF TAYLOR,** individually and an his official capacity as Chief of Police, Carbondale Police Department; **BRIAN BOGNATZ,** individually and in his official capacity as Sergeant Carbondale Police Department; **DOMINICK ANDIDORA,** individually and in his official capacity as Officer of the Carbondale Police Department; **THE COMMONWEALTH OF PENNSYLVANIA; PAUL CAVISTON,** individually and in his official capacity as Constable, Commonwealth of Pennsylvania; and **NORMAN LOHREY,** individually and in his official capacity as Constable, Commonwealth of Pennsylvania,<br>Defendants | No. 3:06cv895<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court is the motion for reconsideration filed by the defendants with regard to the denial of summary judgment on several of their claims. The matter has been fully briefed and is ripe for disposition.

**Background**

As set forth in our motion for summary judgment memorandum, the background facts are these:

Plaintiffs assert that on July 6, 2005 at approximately 7 p.m., two Carbondale police officers, Defendants Brian Bognatz and Domnick Andidora, and two Pennsylvania Constables, Defendant Paul Caviston and John Doe, met in front of plaintiffs' home at 104 Park Street, Carbondale,

Pennsylvania.  (Doc. 22, Amended Complaint, ¶ 17).  Defendant Caviston had an bench warrant to execute on Plaintiff Benjamin Wayne Merring, and he had solicited the aid of the police officers in order to arrest the plaintiff. (Id. at ¶ ¶ 14-15).

Plaintiffs aver that they were both home at the time and sleeping in an upstairs bedroom.  (Id. at ¶ 20). The two police officers and the John Doe Constable came to the front door of plaintiff's residence.  (Id. at ¶ 19). They opened the front screen door.  They then knocked and opened the front door.  They entered plaintiffs' home. (Id. at 21).  The three men stayed in the home for several minutes then returned outside to speak with Defendant Caviston.  (Id. at ¶ ¶  25-26).[1]  After speaking with Caviston, the two police officers and the constable re-entered the house.   (Id. at ¶ 27).  Defendant Bognatz took the stairs to the second floor and "banged" on the bedroom door where the plaintiffs were.  (Id. at 28). Bognatz opened the bedroom door, and the plaintiffs awoke, aware for the first time that the officers had entered their home.  (Id. at 29).  Plaintiff Benjamin Wayne Merring spoke to the officer and said, "What are you doing in my house? You can't come in my house.  Who the hell do you think you are?" (Id. at 31).   Plaintiff Benjamin Wayne Merring began shouting repeatedly, "Get out of my house!" (Id. at 32).

Eventually Plaintiff Benjamin Wayne Merring said to Defendant Bognatz, "I'm getting a gun."  (Id. at 35).  Then the three men left the home.  (Id. at 36).  The defendants did not leave the area of plaintiff's

---

[1]The amended complaint contains two paragraphs number 25 and none numbered 26.  When we refer to paragraph 26 we refer to the second paragraph numbered 25.

2

home, however. They set up a "swat like setting" surrounding the home. (Id. at 37-38). At 10:15, the plaintiffs discovered that the police had left. (Id. at 45-46).

Plaintiffs assert that the *Carbondale News* reported the incident in a factually inaccurate manner due to false statements provided by the defendants. (Id. at 50).

Based upon these incidents, the plaintiffs file a *pro se* complaint on April 28, 2006. (Doc 1). Plaintiff filed an amended complaint on January 9, 2007 after obtaining leave of court. (Doc. 22). The amended complaint, filed pursuant to 42 U.S.C. § 1983 and § 1985, is comprised of twelve counts. The first six counts are for "Degradation of Civil Rights." Count VII and VIII assert "failure to train" claims against the City of Carbondale and the Commonwealth of Pennsylvania respectively. Count IX is a state law claim for intentional infliction of emotional distress. Count X is a state law claim for invasion of privacy. The amended complaint includes two counts labeled "Count XI." The first asserts a state law cause of action for false imprisonment, and the second is a state law claim for libel.

At the close of discovery, the defendants moved for summary judgment. We granted the motion in part and denied it in part. Summary judgment was denied to Defendants Bognatz, Andidora and Lohrey with regard to the Fourth Amendment unreasonable search and seizure claim, qualified immunity and invasion of privacy. All of these claims turned on the issue of whether the defendants had reason to believe that the suspect was within the residence when they entered. If they did have such a belief, then the defendant's actions were constitutional. We found, however, at the summary judgment stage, that the defendants had failed to

3

submit evidence to establish that they had reason to believe that the defendant was present in the house.

Subsequent to the issuance of our summary judgment opinion, the defendants moved for reconsideration, submitting evidence that they did have reason to believe that Plaintiff Benjamin Wayne Merring was present at the residence. This motion is presently before the court.

**Jurisdiction**

As this case is brought in part pursuant to 42 U.S.C. § 1983 and § 1985 for constitutional violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

In order for a motion for reconsideration to be granted, the movant must demonstrate one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

After a careful review, we find that reconsidering our summary judgment ruling is appropriate to prevent a manifest injustice in proceeding to trial on a case where judgment is appropriate for the defendants.

As noted, defendants move the court to reconsider the motions for summary judgment. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

     In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law. Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

     Originally a motion for summary judgment was filed by the City of

Carbondale, Jeff Taylor, Brian Bognatz and Dominick Andidora.  Also, a motion for summary judgment was filed by Defendants Paul Cavitson and Norman Lohrey.  We decided this motion on March 27, 2008.  (Doc. 42). We treated the pertinent issues as follows:

1) Constitutional claims

We recited the law with respect to plaintiffs' constitutional claims as: If the defendants were acting on a valid warrant, there is a two-part analysis to determine if entry into the plaintiffs' residence was valid.  We must determine if the officers had a reasonable belief that the arrestee: 1) lived in the residence; and 2) was present within the residence when they entered.  United States v. Veal, 453 F.3d 164, 167 (3d Cir. 2006).

In the instant case, it is uncontested that plaintiffs' resided at the home that the defendants entered.  We thus focused on the second factor of whether the defendants had a reasonable belief that the subject of the bench warrant was present when they entered.   The defendants, however, did not provide evidence that they had a reasonable belief that Plaintiff Benjamin Wayne Merring was present when they entered.  Thus, summary judgment was denied on this point.[2]

2) Qualified immunity

Defendants further argued that they were entitled to summary judgment on the theory of qualified immunity.  Qualified immunity can serve as a defense to an individual defendant accused of a civil rights violation. See, Hunter v. Bryant, 502 U.S. 224, 227 (1991).  Qualified immunity does

---

[2]We granted summary judgment to Defendant Caviston as the evidence of record established that he did not enter the house.  (Doc. 42, page 16).

not apply where state officials violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Wright v. City of Philadelphia, 409 F.3d 595, 699-600 (3d Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). For a qualified immunity analysis, therefore, the court must examine: 1) whether the officials violated a constitutional right and 2) whether that right was clearly established at the time. Id.

We denied summary judgment because as we could not determine from the record whether the defendants had violated a constitutional right.

3) Invasion of privacy

We also denied summary judgment with regard to plaintiffs' claim of invasion of privacy. The tort of invasion of privacy comes in the following four varieties: 1) intrusion upon seclusion; 2) appropriation of name or likeness; 3) publicity given to private life; and 4) publicity placing a person in a false light. Santillo v. Reedel, 634 A.2d 264, 266 (Pa. Super. Ct. 1993). From the allegations of plaintiffs' complaint, we found it clear that they are proceeding on a theory of "intrusion upon seclusion."

A defendant is liable for this tort "when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." Harris v. Easton Pub. Co., 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984) An action for intrusion upon seclusion may be based upon (1) a physical intrusion into a place where the plaintiff has secluded himself, (2) a use of the defendant's senses to oversee or overhear the plaintiff's private affairs, or (3) some other form of investigation or examination into plaintiff's private concerns. Id.

A defendant is not liable for this tort "unless the interference with the

plaintiff's seclusion is substantial and would be highly offensive to the ordinary reasonable person." Id.  We noted that summary judgment on the invasion of privacy claim was inappropriate because the defendants' entry into the house may be unconstitutional.  Such an invasion would be highly offensive to an ordinary reasonable person.  Thus, we could not at this point grant summary judgment to the defendants on the invasion of privacy claim.  If the entry is ultimately found to be constitutional, however, dismissal of the invasion of privacy claim would be appropriate.

We granted judgment to the defendants on all of the plaintiffs' other claims.  It is apparent that all of these claims turn on a single issue, that is whether the defendants had a reasonable belief that Plaintiff Benjamin Wayne Merring (hereinafter "Merring" or "plaintiff") was in the residence when they entered.  If they did, then no constitutional violation occurred, qualified immunity would be moot and their entrance would not be "highly offensive" so as to support a cause of action for invasion of privacy.

Defendants now move for reconsideration, indicating that they have evidence that establishes that they had a reasonable belief that plaintiff was in the residence.  After a careful review, we agree.

The parties have submitted evidence to establish that they had a reasonable belief that Plaintiff Benjamin Wayne Merring was in the residence when they entered.  The first piece of evidence is the Affidavit of Defendant Norman Lohrey.  (Doc. 43-2).  Lohrey states that prior to going to Merring's home he went to the home of Mary Enright, who lived on the same block as Merring.  (Id. at ¶ 3).  She confirmed that Merring resided in the home and that the vehicle he operated was parked in the driveway. (Id. at ¶ 4).  Upon approaching the Merring home, Lohrey noticed that the

door was being pulled shut.   (Id. at ¶ 5).  He believed Merring was in the home at the time he approached the front door.  (Id.).

In addition, a report authored by the Carbondale Police department dated the day of the incident indicates that prior to entering the home, authorities "had received a phone call from a reliable informant telling them that Merring was now at his residence." (Doc. 46-2, Crime Report).

This evidence provided by the defendants establishes that they had a reasonable belief that Merring was in his residence at the time they entered it with the arrest warrant.[3]  Thus, summary judgment is appropriate to the remaining defendants on the remaining claims.  An appropriate order follows.

---

[3]Merring attempts to create a genuine issue of material fact by submitting the affidavit of Mary Enright.  (Doc. 48, pg. 11).   She admits that on the day in question a man approached her door, did not introduce himself and asked if Merring lived at 104 Park Street and if that was his vehicle was located in the driveway of that residence.  She replied affirmatively. (Id.).  She also states that she was not at home at the time of the altercation.  Plaintiffs argue that this affidavit so contradicts the affidavit of Lohrey that summary judgment is inappropriate.  We disagree.  The affidavits agree that Enright provided information to someone at some point on July 6th that Merring lived at the building in question and that his vehicle was in the driveway.  Moreover, the defendants had the tip from the confidential informant that Merring was at the residence at the time.  Thus, plaintiffs have not provided sufficient evidence upon which a rational jury could believe that the defendants did not have a reasonable belief that he was at home at the time that they entered.

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BENJAMIN WAYNE MERRING, PRO PER and RUHAMAH CLARA MERRING, his wife,**<br>**Plaintiffs**<br><br>v.<br><br>**THE CITY OF CARBONDALE, PENNSYLVANIA; JEFF TAYLOR, individually and an his official capacity as Chief of Police, Carbondale Police Department; BRIAN BOGNATZ, individually and in his official capacity as Sergeant Carbondale Police Department; DOMINICK ANDIDORA, individually and in his official capacity as Officer of the Carbondale Police Department; THE COMMONWEALTH OF PENNSYLVANIA; PAUL CAVISTON, individually and in his official capacity as Constable, Commonwealth of Pennsylvania; and NORMAN LOHREY, individually and in his official capacity as Constable, Commonwealth of Pennsylvania,**<br>**Defendants** | **No. 3:06cv895**<br><br>**(Judge Munley)** |

## **ORDER**

    **AND NOW**, to wit, this 22nd day of October 2008, the motion for reconsideration filed by Defendant Lohrey (Doc. 43) and the motion for reconsideration filed by Defendants Bognatz and Andidora (Doc. 45) are hereby **GRANTED**. Summary judgment is **GRANTED** to these defendants on all of plaintiffs' claims. The Clerk of Court is directed to close this case.

                                      **BY THE COURT:**

                                      **s/ James M. Munley
                                      JUDGE JAMES M. MUNLEY
                                      United States District Court**